United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ANTHONY HOLLEY,<br><br>    Plaintiff,<br><br>v.<br><br>E. EVANS, et al.,<br><br>    Defendants. | Case No. 15-cv-01077-VC<br><br>**ORDER SERVING COGNIZABLE CLAIMS; DISMISSING ONE CLAIM WITH PREJUDICE; DISMISSING ONE CLAIM WITH LEAVE TO AMEND** |

Joel Anthony Holley, an inmate at San Quentin State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers at San Quentin. Holley has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The Court now addresses the claims asserted in Holley's complaint.

## DISCUSSION

### I.   Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

But there is no respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by the supervisors that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II. Holley's Allegations**

Holley's complaint alleges the following:

In April 2014, Lieutenant Hal Williams and Sergeant B. Dutton moved Holley from a cell with a compatible cellmate to a cell with an incompatible cellmate. A few days later, Holley informed Williams and Dutton that he was afraid his cellmate would attack him, but they stated they did not care. When Holley refused to go to the assigned cell, Williams, Dutton, and Lieutenant S. Kluger charged him with threatening the safety and security of the institution and

placed him in administrative segregation. Lieutenant S. Kluger reviewed Holley's appeal and, although he interviewed staff witnesses, he refused to interview Holley's witnesses.

After Holley was released from administrative segregation, Dutton insisted that Holley return to the same cell with the same hostile cellmate. On April 30, 2014, Holley was issued another rules violation report and, on May 5, 2015, Williams held a hearing on it. Williams refused to appoint an investigative employee to assist Holley with gathering evidence and denied Holley's request to present testimony of his witnesses. Williams gave false testimony at the hearing.

On May 20, 2014, Holley requested the appointment of an investigator to gather evidence and a new disciplinary hearing at which he could present his evidence and the testimony of his witnesses. His request was denied up to the Director's Level of Review. Captain E. Evans was aware of these events because he interviewed Holley and then released him from administrative segregation.

Based on these allegations, Holley asserts the following claims: (1) violation of his Fourteenth Amendment right to a fair hearing against Williams because he presented false evidence at Holley's disciplinary hearing; (2) violation of his Fourteenth Amendment right to a fair hearing because Kluger and Williams denied Holley's requests to present witnesses at his disciplinary hearings and Williams did not provide a written explanation for his findings of guilt; (3) violation of his Fourteenth Amendment right to a fair hearing against Kluger, who ordered Holley to be placed in administrative segregation and also reviewed Holley's appeal, thus violating prison regulations about avoiding conflicts of interest; (4) violation of his Fourteenth Amendment right to a fair hearing because the guilty findings by Kluger and Williams were not supported by some evidence; (4) violation of his Eighth Amendment right to be free from deliberate indifference to his safety against Williams, Dutton and Kluger who forced Holley to live with a potentially violent cellmate; and (5) violation of his Fourteenth and Eighth Amendment rights by Evans because he failed to supervise his officers and stood "by the code of silence which protected prison officials."

Liberally construed, the allegations in the complaint state a cognizable Fourteenth

3

1    Amendment claim against Williams and Kluger for failing to provide Holley with procedural due

2    process at his disciplinary hearings and for finding him guilty without "some evidence" of guilt.

3    *See Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974) (Due Process Clause entitles prisoner to

4    certain procedural protections when he is charged with a disciplinary violation, such as

5    opportunity to present witnesses and a written statement by fact-finder as to the evidence relied

6    upon and reasons for disciplinary action taken); *Superintendent v. Hill*, 472 U.S. 445 472, 454

7    (1985) (due process requires "some evidence" to support the disciplinary decision). Liberally

8    construed, the allegations state a Fourteenth Amendment claim against Williams for presenting

9    false evidence at Holley's disciplinary hearing. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th

10   Cir. 1989) (allegations of false evidence at disciplinary hearing in conjunction with allegations of

11   due process violations at same hearing state a due process claim); *Freeman v. Rideout*, 808 F.2d

12   949, 951 (2nd Cir. 1986) (same). Liberally construed, the allegations state a cognizable Eighth

13   Amendment claim for deliberate indifference to Holley's safety against Williams, Dutton and

14   Kluger for placing him in a cell with a potentially violent inmate. *See Farmer v. Brennan*, 511

15   U.S. 825, 832 (1994) (Eighth Amendment imposes duty on prison officials to provide for personal

16   safety of inmates).

17   However, the allegations do not state a cognizable claim against Kluger for violating state

18   administrative regulations. *See West*, 487 U.S. at 48 (claims brought under § 1983 must allege

19   violations of the federal constitution or federal law). Nor do the conclusory allegations that Evans

20   failed to supervise his officers or "stood by the code of silence" state a constitutional claim against

21   him. *See Henry A.*, 678 F.3d at 1003-04 (supervisor liable only on a showing of (1) personal

22   involvement in the constitutional deprivation or (2) sufficient causal connection between the

23   supervisor's wrongful conduct and the constitutional violation). The claim against Kluger is

24   dismissed with prejudice because amendment would be futile. The claim against Evans is

25   dismissed with leave to amend for Holley to cure the deficiencies, if he truthfully can do so.

## CONCLUSION

27   Based on the foregoing, the Court orders as follows:

28   1. The claim against Kluger for violating state administrative regulations is dismissed with

4

prejudice. The due process claim against Evans is dismissed with leave to amend. Holley may, but is not required to, file an amended complaint to remedy the deficiencies in this claim. If Holley chooses to file an amended complaint, he must do so within twenty-eight days from the date of this Order. He must file the amended complaint on the Court's civil rights complaint form with the words "First Amended Complaint," on the upper right hand side of the cover page. He must use in the caption of the Amended Complaint the name of this case and the case number C 15-1077 VC (PR). Holley is advised that an amended complaint supersedes the original complaint, so that he must state all his allegations in the amended complaint. *See London V. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (plaintiff waives all claims alleged in original complaint which are not alleged in amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in amended complaint are no longer defendants). If Holley does not file an amended complaint within twenty-eight days from the date of this Order, the claim against Evans will be dismissed with prejudice.

2. Holley's allegations appear to state the following cognizable claims: (1) a due process claim against Williams and Kluger for failing to provide procedural due process at Holley's disciplinary hearing and for finding him guilty without some evidence; (2) a due process claim against Williams for presenting false evidence at Holley's disciplinary hearing; (3) an Eighth Amendment claim against Williams, Dutton and Kluger for deliberate indifference to Holley's safety by forcing him to live with a potentially violent inmate.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto and a copy of this Order to Williams, Kluger and Dutton at San Quentin. The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Holley.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

behalf of Holley, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

5. The following briefing schedule shall govern dispositive motions in this action:

a. No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Holley.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Holley with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. Holley's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days

6

1  after the date on which Defendants' motion is filed.

2      Before filing his opposition, Holley is advised to read the notice that will be provided to
3  him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure
4  and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come
5  forward with evidence showing triable issues of material fact on every essential element of his
6  claim).  Holley is cautioned that because he bears the burden of proving his allegations in this
7  case, he must be prepared to produce evidence in support of those allegations when he files his
8  opposition to Defendants' summary judgment motion.  Such evidence may include sworn
9  declarations from himself and other witnesses, and copies of documents authenticated by sworn
10  declaration.  Holley will not be able to avoid summary judgment simply by repeating the
11  allegations of his complaint.

12      c. Defendants shall file a reply brief no later than fourteen days after the date
13  Holley's opposition is filed.

14      d. The motion shall be deemed submitted as of the date the reply brief is due.  No
15  hearing will be held on the motion unless the Court so orders at a later date.

16      6. Discovery may be taken in this action in accordance with the Federal Rules of Civil
17  Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may
18  conduct discovery.

19      7. All communications by Holley with the Court must be served on Defendants, or
20  Defendants' counsel once counsel has been designated, by mailing a true copy of the document to
21  Defendants or counsel.

22      8. It is Holley's responsibility to prosecute this case.  Holley must keep the Court
23  informed of any change of address by filing a separate paper with the clerk headed "Notice of
24  Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so
25  may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
26  Procedure 41(b).

27      9. Extensions of time are not favored, though reasonable extensions will be granted.  Any
28  motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline

sought to be extended.

10. The Clerk of the Court shall send Holley a blank civil rights form with this Order.

**IT IS SO ORDERED**.

Dated: April 22, 2015

_____
VINCE CHHABRIA
United States District Judge